IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXPRESS WORKING CAPITAL, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3792-S-BH |
| | § | |
| ONE WORLD CUISINE GROUP, LLC; | § | |
| MANRAJ, INC.; PAVAN RESTAURANT | § | |
| GROUP, INC.; SHALIMAR, INC.; | § | |
| MANPRIY A, INC,; LIBBY'S MARKET, | § | |
| INC.; MELA GROUP, INC.; AMRIK | § | |
| SINGH PABLA; SURINDER SINGH; | § | |
| and JASWINDER SINGH PABLA, | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated May 18, 2018 (doc. 82), this case has been referred for full case management. Before the Court for recommendation is *Plaintiff/Counter-Defendant's (1) Motion to Dismiss, (2) Motion for Default Judgment; and (3) Motion for Final Judgment and Brief in Support*, filed September 26, 2018 (doc. 87). Based on the relevant filings, evidence, and applicable law, the motions should be **GRANTED**.

## I. BACKGROUND[1]

On November 24, 2015, Express Working Capital, LLC (Plaintiff) filed this action against One World Cuisine Group, LLC (OWC), Manraj, Inc. (Manraj), Pavan Restaurant Group, Inc. (Pavan), Shalimar, Inc. (Shalimar), Manpriy A, Inc. (Manpriy), Libby's Market, Inc. (Libby's), Mela Group, Inc. (Mela), (collectively Makers), and Amrik Singh Pabla (Amrik), Surinder Singh

---

[1] The facts are more fully set out in the prior Findings, Conclusions, and Recommendation and are not recounted here. (*See* doc. 84.)

(Surinder),[2] and Jaswinder Singh Pabla (Jaswinder) (collectively Guarantors). (doc. 1.) Its amended complaint asserts claims for breach of contract and promissory estoppel against all defendants, and a claim for fraud against the Mantra Group Corp. (Mantra) and Amrik.[3] (doc. 13 at 1, 9-11.)[4]

Plaintiff's amended complaint alleges that on December 28, 2011, it entered into a Future Receivables Sale Agreement (FRSA) with Makers and various other entities to purchase future credit card receivables worth $1,986,897.74, for the price of $1,439,780.97 (2011 Agreement). (*Id.* at 6.) Guarantors assumed and guaranteed Makers' obligations under this agreement. (*Id.* at 6-7.) On August 24, 2012, Makers failed to meet the terms of the 2011 Agreement, and an outstanding balance of $498,564.80 remained. (*Id.*) On August 29, 2012, "Plaintiff, Makers, and Guarantors negotiated a settlement and entered into a promissory note" that established a payment plan for the remaining outstanding balance on the 2011 Agreement (2012 Promissory Note). (*Id.* at 7.) In 2013, Makers subsequently "missed several payments and/or made multiple partial payments . . . in breach of the 2012 Note." (*Id.*) On May 15, 2014, "Plaintiff, Makers, and Guarantors negotiated and entered into a new and superceding promissory note" for $965,000 (2014 Promissory Note). (*Id.*) The 2014 Promissory Note had a maturity date of May 16, 2016, and required Makers to make 52 weekly payments of $6,800.00 beginning on May 15, 2014, followed by weekly payments of $8,200.00 until they paid the full amount owed. (*Id.*) The 2014 Promissory Note provided that in

---

[2] On December 29, 2015, Surinder filed a suggestion of bankruptcy. (doc. 12.) On August 22, 2016, the Court entered an order staying all proceedings in this case against him. (doc. 26.) The proceedings remain stayed as to Surinder.

[3] Although Plaintiff included Mantra as a defendant in its amended complaint, the claims against it were subsequently dismissed without prejudice for failure to serve it with process. (*See* docs. 13; 45.)

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the event of a breach or default, interest on the unpaid amount left owing would accrue at a rate of 18%. (doc. 13-2 at 3.) "Makers consistently made partial payments despite their obligations under the 2014 Note and Plaintiff's demand for full payment," and failed to make any more payments after October 29, 2015. (doc. 13 at 8.) The outstanding balance remaining on the 2014 Promissory Note is $498,564.80. (*Id.*) On October 7, 2014, Plaintiff entered into a new FRSA with Mantra to purchase future credit card receivables worth $93,750.00, for $75,000.00 (2014 Agreement). (*Id.*) Amrik unconditionally guaranteed Mantra's performance under this agreement, but Mantra failed to perform its obligations. (*Id.* at 8-9.) The outstanding balance under the 2014 Agreement is $88,213.36. (*Id.* at 9.)

On October 6, 2016, Amrik and Jaswinder separately filed identical *pro se* answers to Plaintiff's amended complaint, asserting usury as an affirmative defense to the claims for breach of the Agreements, and asserting counterclaims for usury and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). (docs. 37 at 1, 6-12; 38 at 1, 6-12.) On December 16, 2016, default was entered against Makers. (docs. 45; 49.) On June 15, 2017, Plaintiff filed its partial motion for summary judgment on its claims for breach of contract on the 2014 Promissory Note and 2014 Agreement, and on Defendants "affirmative defense of usury and counterclaims for usury and RICO violations." (doc. 69 at 7-8, 13-30.) On September 4, 2018, Plaintiff was granted partial summary judgment and the counterclaims against it were dismissed. (doc. 85.)

Currently remaining for trial are Plaintiff's fraud claim against Amrik, its breach of contract claim related to the 2011 Agreement, and its promissory estoppel claims. (*See* docs. 13; 85.)[5] On

---

[5] Although Plaintiff appears to assert its breach of contract claim related to the 2011 Agreement against all of the defendants, it appears to assert its promissory estoppel claims only against Makers. (*See* doc. 13 at 10-11.)

3

September 26, 2018, Plaintiff moved to dismiss these remaining claims and for default judgment against Makers.  (*See* doc. 87.)  None of the defendants responded to this motion, and it is now ripe for recommendation.

## II. MOTION TO DISMISS

Plaintiff moves to dismiss its remaining fraud claim against Amrik, its breach of contract claim related to the 2011 Agreement, and its promissory estoppel claims.  (doc. 87 at 3.)  Although it does not specify any grounds for dismissal, the motion may be properly considered under Rule 41(a)(2) of the Federal Rules of Civil Procedure because two of the defendants, Amrik and Jaswinder, have answered, and Plaintiff has not filed a stipulation of dismissal signed by all parties who have appeared.  *See* Fed. R. Civ. P. 41(a).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper.  Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002).  The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th. Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)).  Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).  The primary

4

consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317–18.

Courts have found plain legal prejudice when the plaintiff moved to dismiss the case at a late stage of the proceedings after the parties had exerted significant time and effort, the plaintiff sought to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162–63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). In finding plain legal prejudice, courts have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending

conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

  In this case, none of the defendants have responded to Plaintiff's motion or alleged that they would be prejudiced or unfairly affected by a dismissal of its remaining claims after almost three years of litigation.  Plaintiff filed this motion "to resolve each outstanding issue" remaining in this case and obtain a final judgment, not to avoid any imminent adverse ruling, and none of the defendants have filed any motions that would result in an adverse ruling against Plaintiff.  While two of the defendants, Amrik and Jaswinder, have expended some time and effort to defend this case, the other defendants have not, and the facts in this case do not rise to same level of time and effort exerted in those cases where plain legal prejudice has been found.  There is also no evidence of significant expenses that the defendants incurred during the discovery process or litigation.  Nor is there any allegation that they would be deprived of any defense.  No plain legal prejudice to the defendants has been shown or is apparent under the circumstances, other than the mere prospect of a second lawsuit, and the voluntary dismissal of Plaintiff's remaining fraud claim against Amrik, breach of contract claim related to the 2011 Agreement, and promissory estoppel claims should be freely granted.  Accordingly, these remaining claims should be dismissed without prejudice as to

all defendants except for Surinder.[6]

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Fed. R. Civ. P. 55(b)(2) against Makers.  (doc. 87 at 3.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered when the default is established "by affidavit or otherwise."  *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.  Here, because Makers have failed to plead or otherwise defend, and Plaintiff has obtained an entry of default against Makers, the first two requisites for a default judgment have been met. (docs. 47; 49.)  Remaining for determination is whether entry of a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)).  The decision to enter a judgment by default is discretionary.  *Stelax Indus., Ltd. v.*

---

[6] As noted, the proceedings against Surinder are currently stayed.  (*See* doc. 26.)

*Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey*, 161 F.3d at 893).

In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the award is supported by a sufficient factual basis in the plaintiff's live complaint, and whether the specific amount of damages can be determined with "mathematical calculation by reference to information in the pleadings and supporting documents." *Ramsey v. Delray Capital LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## A.    <u>Procedurally Warranted</u>

Courts consider numerous factors in deciding whether a motion for default judgment is procedurally warranted. 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing 10A Wright, Miller, Kane &

Marcus, Federal Practice and Procedure § 2685).[7]

Here, the factors favor granting default judgment against Makers. Regarding the first factor, although the requested judgment of $662,152.32 could be considered substantial, "it is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by*, 2016 WL 3766362 (N.D. Tex. July 11, 2016). Under the second factor, there are no issues of substantial public importance or material issues of fact; it has already been determined that there were no genuine issues of material fact regarding Makers' breach of the 2014 Promissory Note. (*See* docs. 68; 84.) Although Makers' default appears to be technical in nature (third factor), Plaintiff has been prejudiced and harmed by the continued delay in this case caused by the default, which is the fourth factor. *See U.S. v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts, since Makers have received ample notice of this action and sufficient time to respond. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The seventh, eighth, and ninth factors similarly favor default judgment because Makers have not offered any evidence that their failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. Accordingly,

---

[7] "Where [some] of multiple defendants [are] in default[, as in this case], as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)). Because Plaintiff has already received a favorable decision on the merits of its breach of contract claims against Amrik and Jaswinder on summary judgment, however, it is now "entitled to a final decree against all." *Frow*, 82 U.S. (15 Wall.) at 554.

Plaintiff has met the procedural requirements for default judgment. *See Ramsey*, 2016 WL 1701966, at *3.

**B.**   **Entitlement to Judgment**

Following Plaintiff's motion to dismiss the three claims remaining for trial, the only remaining claim against Makers is the claim for breach of the 2014 Promissory Note. (*See* docs. 13 at 10; 84-85.)

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id*.

In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id*. at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit

10

has "decline[d] to import Rule 12 standards into the default-judgment context." *Id*. at 498 n.3.

"A promissory note is nothing more than a contract evincing an obligation to pay money." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing *Amarillo Nat'l Bank v. Dilday*, 693 S.W.2d 38, 41 (Tex. App.—Amarillo 1985, no writ)).  Under Texas law,[8] a plaintiff suing for recovery on a promissory note does not have to prove all essential elements of a breach of contract claim, but rather need only establish: (1) that the note existed; (2) that the defendant signed the note; (3) that the plaintiff legally owned and held the note; (4) that default occurred; and (5) that a certain balance remains due and payable on the note.  *Scogin v. Tex. Eagle Ford Shale Magazine*, No. 2:14-CV-478, 2015 WL 12942057, at *5 (S.D. Tex. Dec. 23, 2015) (citing *F.D.I.C. v. Foxwood Mgmt. Co.*, 15 F.3d 180, No. 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (unpublished table decision)); *Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 512 (Tex. App.—El Paso 2014, no pet.).

Here, Plaintiff attached copies of the 2014 Promissory Note to its complaint and its motion for default judgment.  *See PlainsCapital Bank v. Anaya-Gomez*, No. 7:14-CV-00729, 2017 WL 971655, at *3 (S.D. Tex. Mar. 14, 2017) (finding that a promissory note existed for purposes of default judgment when a plaintiff attached a copy of it to his motion).  It alleges that Makers entered into the 2014 Promissory Note, and the note reflects the signatures of Makers' authorized representatives.  *See id*. (determining that a note bearing the defendant's signature was sufficient for

---

[8] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'"  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).  In this diversity case, the 2014 Promissory Note was made in Texas and includes a choice of law clause stating that the note is to be governed by Texas law.  (doc. 13-2 at 5.)  The parties do not dispute that Texas law applies.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredrickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance).

this element). Plaintiff also alleges that the note was made in its favor, and the copy of the note reflects that it is the payee under the terms of the note. *See Geiken v. Worku*, No. 3:15-CV-2442-B, 2017 WL 1709692, at *4 (N.D. Tex. May 2, 2017) (finding that the third element was met where the plaintiff stated he owned the note and it was made directly payable to his account). Additionally, Plaintiff has pleaded and provided evidence that Makers made only partial payments despite their obligations and its demand for full payment via the Unsworn Declaration of Luke Schmille (Schmille Declaration), which states that Makers "have not made a single payment . . . since October 29, 2015," and that there is an outstanding principle balance of $497,064.80,[9] with the current balance due amounting to $662,152.32, "inclusive of default interest." (docs. 13 at 8; 87-1 at 3.) Plaintiff has therefore also properly pled the fourth and fifth elements to recover for breach of the 2014 Promissory Note. *See Geiken*, 2017 WL 1709692, at *4 (citing *PlainsCapitalBank*, 2017 WL 971655, at *3). Accordingly, "there is a sufficient basis in the pleadings for recovery on the [n]ote" against Makers. *Id.* (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

## C.    <u>Amount of Damages</u>

Plaintiff seeks damages in the amount of $662,152.32 for breach of the 2014 Promissory Note. (doc. 87 at 3.)

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). Though damages on a default judgment are normally not awarded without a hearing or a

---

[9] In its amended complaint, Plaintiff states that the outstanding balance under the 2014 Promissory Note is both $498,564.80 and $489,564.80. (doc. 13 at 8.) The Schmille Declaration and a ledger reflecting payments made under the 2014 Promissory Note reflect that the actual outstanding balance remaining is $497,064.80, which is less than the amount stated in the amended complaint. (*See* doc. 87-1 at 3, 36.)

demonstration by detailed affidavits, a hearing is unnecessary if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Future World Elecs., LLC*, 2013 WL 5925089, at *3 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Plaintiff's amended complaint seeks "to recover all amounts due and owing pursuant to the 2014 Note." (doc. 13 at 10.)    Its motion seeks to recover $662,152.32 as the amount due and owing under the 2014 Promissory Note.  (docs. 87 at 3; 87-1 at 3.)  It alleges that the current outstanding balance on the 2014 Promissory Note is $497,064.80,[10] and it attaches a copy of the note, which provides that in the event of default, "interest on the remaining unpaid principal amount of the [n]ote and accrued but unpaid interest shall thereafter accrue at the interest rate of eighteen percent (18%)." (docs. 13 at 8, 12; 13-2 at 3; *see* doc. 87-1 at 3, 36.)  With its motion for default judgment, Plaintiff attached a copy of the 2014 Promissory Note, the Schmille Declaration, and a ledger reflecting the payments made under the 2014 Promissory Note.  (doc. 87-1 at 2-3, 18-22, 34-36.)  These establish that the principal balance of $497,064.80 remains unpaid under the note; that in the event of a breach or default, interest on the unpaid amount accrues at 18%; and that the current balance due, "inclusive of default interest as provided for in the 2014 Promissory Note," is $662,152.32.  (*Id.*)  A hearing is therefore unnecessary because the amount of damages are "ascertainable from the . . . motion, or the evidence attached thereto, or otherwise capable of mathematical calculation."  *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *James*, 6 F.3d at 310; *Crawford v. Lee*, 3:10-CV-1499-L, 2011 WL

---

[10] As noted above, although Plaintiff's amended complaint alleges that the outstanding balance on the 2014 Promissory Note is both $498,564.80 and $489,564.80, the evidence attached to their motion shows that the remaining outstanding balance is actually $497,064.80.  (*See* docs. 13 at 8; 87-1 at 3, 36.)

2115824, at *4 (N.D. Tex. May 24, 2011)), *adopted by*, 2016 WL 2853565 (N.D. Tex. May 13, 2016).

Because the requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings, the only remaining issue is whether the relief requested is appropriate based on the governing law. *Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009). Based on Plaintiff's amended complaint, default motion, and attached evidence, it has shown that it is entitled to recover damages in the amount of $662,152.32 for Makers' breach of the 2014 Promissory Note. *See American States Ins. Co. v. Arete Real Estate & Dev.*, No. 3:08-CV-306-O, 2009 WL 854836, at *4 (N.D. Tex. Mar. 30, 2009) (awarding the amount owed plus accrued interest for breach of a promissory note on default judgment); *see also Saad v. Valdez*, No. 14-15-00845-CV, 2017 WL 1181241, at *17–18 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (mem. op.) (awarding principal amount due plus 18% interest in damages as a result of default on a promissory note); *see also Am. Gen. Life Ins. Co. v. Leisher*, No. H-14-2041, 2015 WL 12533095, at *3 (S.D. Tex. Dec. 9, 2015) (awarding the amount owed as damages as a result of the breach of a promissory note).[11]

## IV. RECOMMENDATION

Plaintiff's motion to dismiss and motion for default judgment should be **GRANTED**, and judgment should be entered against Makers, jointly and severally with Amrik and Jaswinder, in the amount of $662,152.32 for breach of the 2014 Promissory Note.

---

[11] Plaintiff's amended complaint also requests attorney's fees and costs. (doc. 13 at 12.) It does not specifically seek attorney's fees and costs in its motion for default judgment. (*See* doc. 87.)

14

**SO RECOMMENDED** on this 10th day of April, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

15